UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>MILES MICHAEL GOINGS,<br><br>            Defendant. | 5:18-CR-50150-CCT<br><br><br>**ORDER GRANTING MOTION<br>TO REDUCE SENTENCE** |

Defendant, Miles Michael Goings, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 46. Plaintiff, the United States of America, objects. Docket 48. For the following reasons, Goings's motion for a sentence reduction is granted.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On July 2, 2019, the court sentenced Goings to 97 months custody on count 2 and 97 months custody on count 3, to run concurrently. Docket 42. Goings obtained two "status points" for committing count 3 while under a criminal justice sentence. Docket 43 at ¶ 49. Goings' Guideline range, based on a total offense level of 26 and a Criminal History Category of III, was 78 to 97 months in custody. Docket 43 at ¶¶ 38, 72; U.S.S.G. § 5G1.1(c)(2).

On December 23, 2024, Goings filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 46 at 1. Goings believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. § 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. Docket 46 at 2. He requests a sentence term of 87 months' custody on each count, to run concurrently. *Id.* at 1.

### I.      U.S.S.G. § 4A1.1(e)

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* U.S.CS.G. § 1B1.10(e)(2) (Nov. 1, 2023).

Goings meets the criteria under amended U.S.S.G. § 4A1.1(e) for a reduction. With that reduction, Goings receives zero "status points," which gives him a total of 3 criminal history points, resulting in him being in Criminal History Category II**,** with an advisory guideline range of 70 to 87 months in custody. The government agrees that without the application of the two status

points, Goings's Guidelines range would have been 70 to 87 months in custody so the sentence he now requests of 87 months is at the top of the retroactively amended range. Docket 48 at 3.

**II.**    Consideration of 18 U.S.C. §3553(a) Factors

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10, cmt. n.1(B)(i); *see also* U.S.S.G. § 1B1.10, n. 9, background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

When considering the § 3553(a) factors, the Court notes that Goings's offenses were serious; however, the original sentence imposed reflected the seriousness of the offense and provided a just punishment with adequate deterrence to criminal conduct by imposing a sentence at the top of the guideline range. *See* 18 U.S.C. § 3553(a). The sentencing court also took the offense behavior that was not part of the relevant conduct into account when the original sentence was imposed. The top of the amended guideline range Goings would face today is 87 months, which is within the original guideline

4

range contemplated by the sentencing court. Given the retroactive change to the sentencing guidelines, a reduction in Goings's sentence to 87 months in custody avoids unwanted sentencing disparities for similarly situated defendants.

This Court next looks at the defendant's post-sentencing conduct. During the years Goings has been incarcerated, he has completed drug treatment and maintains a work assignment in the dining room. He has also taken over 200 hours of GED coursework to reduce his risk of recidivism and will improve his job-seeking ability when released. Docket 46 at 4-5. While the government contends a sentence reduction is not warranted in part because of Goings's disciplinary records, Docket 48 at 4, the Court is not convinced. Goings has had four sanctions for non-compliant behavior; however, the last occurred in August 2021. Docket 49 at 3; Docket 48-1. Moreover, the violations do not demonstrate that Goings continues to pose a danger to the community. Rather, his 200 hours of coursework, maintaining a work assignment in the dining room, and completing drug treatment inform this Court that Goings is working toward being a productive member of society upon release.

After considering all the § 33553(a) factors, the Court finds the appropriate sentence to be 87 months in custody on count 2 and 87 months in custody on count 3, to run concurrently, and grants Goings's motion for sentence reduction.

**CONCLUSION**

It is ORDERED that Goings's motion (Docket 46) is GRANTED. Probation is directed to prepare an amended Judgment that reflects a sentence of 87 months in custody on count 2 and 87 months in custody on count 3, to run concurrently.

Dated July 2, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE